UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. 5:20-488-OLG |
| | § | |
| | § | |
| v. | § | November 24, 2020 |
| | § | |
| KRISTOPHER SEAN MATTHEWS, | § | |
| | § | |
| DEFENDANT. | § | |

TRANSCRIPT OF RE-ARRAIGNMENT/GUILTY PLEA
BEFORE THE HONORABLE ELIZABETH CHESTNEY
MAGISTRATE COURT JUDGE

APPEARANCES:

For the Government:        MARK ROOMBERG, AUSA
                           BILL HARRIS, AUSA
                           Office of US Attorney
                           601 NW Loop 410, Suite 600
                           San Antonio, Texas 78216


For the Defendant:         WARREN ALAN WOLF
                           Law Office of Warren Alan Wolf
                           111 Soledad Street
                           Suite 430
                           San Antonio, TX 78205

Produced by mechanical stenography; computer-aided transcription

(In open court.)

THE DEPUTY CLERK:  United States of America versus Kristopher Sean Matthews SA:20-CR-488.

THE COURT:  Good afternoon, everyone.  I will have appearances, please, first for the government.

MR. ROOMBERG:  Mark Roomberg and Bill Harris for the United States, Your Honor.  We're present and ready to proceed.

THE COURT:  And for the defendant?

MR. WOLF:  Mark Wolf for Mr. Matthews.

THE COURT:  Good afternoon, everyone.  And good afternoon, Mr. Matthews.  We're here today on the matter of a re-arraignment and plea.  Mr. Wolf, I see that there is a consent to proceed by video that's on file.  You went over this with your client, and you are confident that he understands his rights and agrees to participate by video today?

MR. WOLF:  Yes, Your Honor.

THE COURT:  Okay.  And any doubt as to your client's competence to enter a plea today?

MR. WOLF:  No, Your Honor.

THE COURT:  Well, then, Mr. Matthews, most of what I say for the remainder of this hearing will be directed right to you.  Before I continue, though, I'm going to go ahead and put you under oath, if you could raise your right

hand.

Do you swear or affirm under penalty of perjury that any testimony you may give will be the truth, the whole truth, and nothing but the truth?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  Thank you.  Is there anything interfering with your ability to understand me today like a mental, health condition, a medical condition, medicines, drugs, alcohol, anything like that?

DEFENDANT MATTHEWS:  No, ma'am.

THE COURT:  And you heard me ask your attorney about it, that you've discussed with your attorney the fact that we're doing this hearing today by video, and you agree to participate this way?

DEFENDANT MATTHEWS:  Yes.

THE COURT:  Well, before, I accept your plea, there are various rights I have to go over with you and some questions I have to ask you.  If you don't understand something that I ask you or something that I explain, you can ask me to repeat it, and I can try to explain it a different way.  You can also ask at any time to take a break and talk to your attorney.  If you need to speak to your attorney, I can put the two of you together at a breakout room, and you can speak privately.  And then when you're done, you can rejoin the hearing.  That isn't a problem at all.  And you

should definitely ask if you need to do that.  But what you can't do is come back later and claim you didn't really understand the questions or somebody was telling you to answer them a certain way.  If you feel like you're being forced into pleading guilty, now is the time to let the court know.  You should also know that you are under oath.  So if you say something and it turns out to be untrue, you could be prosecuted for perjury.

Do you understand all of that?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  You do have the right to enter your guilty plea in front of a United States District Judge who is presiding over your case.  In your case, that's Chief Judge Garcia.  But you can instead consent to plead guilty before a United States Magistrate Judge, and that's what I am.  In either event, it will be Chief Judge Garcia who sentences you in your case.

Do you understand your right to plead guilty in front of Judge Garcia but agree to plead guilty in front of me today instead?

DEFENDANT MATTHEWS:  Yes, I understand that.

THE COURT:  Have you had enough time to fully discuss your case with your attorney including any defenses you might have to the charge against you?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  Are you satisfied with your attorney's representation of you?

DEFENDANT MATTHEWS:  Can you kind of explain like what exactly you mean --

THE COURT:  What I mean is you are represented in this case by Mr. Wolf.  And I'm asking are you satisfied with your representation, his representation of you.  Have you had enough time to go over the case?  Has he explained it?  Do you feel like you've met -- your interests have been represented?

DEFENDANT MATTHEWS:  Yes, ma'am, he's represented me well on --

THE COURT:  Okay.  In your case, there is a written plea agreement filed.  You signed it and your attorney signed it and the attorney for the government signed it.  Did you read the plea agreement before you signed it?

DEFENDANT MATTHEWS:  Uh, yes, ma'am.  I guess there's kind of a -- kind of -- I'm in a situation where everything has to be scheduled really fast, so due to the circumstances of what's going on as far as like the environment I'm in, so, yes, ma'am.

THE COURT:  Well, if you feel like you need more time, that's what I was saying at the beginning.  I mean, one thing we can do is reset the plea hearing.  But the second thing we could do is you could take a moment, if you want to

go over any parts of your plea agreement again with your attorney.  Would you like to do that now?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  Okay.  Ms. Sandoval, can you put Mr. Matthews and Mr. Wolf together in a breakout room. Mr. Matthews, you might have to tell the guard to click the -- on the screen for you because it's going to invite you into a breakout room.

DEFENDANT MATTHEWS:  Okay.  There's a little blue button on the bottom that says join room one.

THE COURT:  Yes.  Yeah, if you're able to do that then that's great.  Sometimes people are in handcuffs and can't.  All right.  Everyone else can temporarily put themselves on mute and stop their videos, and when I come back on you can rejoin.

(Pause.)

MR. WOLF:  So we're back, Judge.  It's been a little bit --

THE COURT:  Yeah, start again, I think you were cutting out a little bit there.

MR. WOLF:  No problem.  So we're back.  I suppose we're getting feedback from --

THE COURT:  Yes, maybe there's something over your microphone.

MR. WOLF:  I --

THE COURT:  Okay.

MR. WOLF:  Let me do something.  Is this better?

THE COURT:  It is.

MR. WOLF:  How is that?

THE COURT:  That's better.

MR. WOLF:  Perfect.

THE COURT:  Yeah.

MR. WOLF:  It's a new age for me.

THE COURT:  We're all Zoom experts now.

MR. WOLF:  So we had a chance -- it's been a little interesting doing all of this remote with him being back in Karnes and everything.  But we -- and thank you for the opportunity to chat a little bit further.  But I think we're good.

THE COURT:  Okay.  And so, Mr. Matthews, we were talking about your plea agreement that you signed and your attorney signed and the government's attorney signed.  And I asked you if you had a chance to read it, and you said that you skimmed it but not that well.  So you just talked to your lawyer.

Do you feel confident now that you've been able to go over the terms of that plea agreement?

DEFENDANT MATTHEWS:  Yes.

THE COURT:  And do you agree to be bound by the terms of the plea agreement?

DEFENDANT MATTHEWS:  Yes.

THE COURT:  Okay.  In your case you've been charged by way of an indictment.  The indictment contains two counts, and this plea concerns the first count, which is conspiracy to provide and attempt to provide material support to a foreign terrorist organization.  Did you receive a copy of that charging document and go over it with your attorney?

DEFENDANT MATTHEWS:  Yes.

THE COURT:  Do you understand the charge against you?

DEFENDANT MATTHEWS:  Yes.

THE COURT:  Do you also understand that under our system and laws you do have the legal right to plead not guilty to that charge?

DEFENDANT MATTHEWS:  Yes.

THE COURT:  And how do you plead today to Count One in your indictment, guilty or not guilty?

DEFENDANT MATTHEWS:  Guilty.

THE COURT:  Under our constitution and laws, you do have the right to a trial by jury as well as the right to the assistance of an attorney at trial, the right to confront and cross-examination government witnesses, the right to compel the attendance of witnesses at trial, and the right to present evidence on your own behalf.

Do you understand those rights?

DEFENDANT MATTHEWS:  Yes.

THE COURT:  You're presumed to be innocent, and the government is required to prove your guilt beyond a reasonable doubt before you could be found guilty.  At a trial, while you'd have the right to testify, if you chose to, you could not be required to.  And if you chose not to, that couldn't be held against you.

Do you understand those rights as well.

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  If you plead guilty, you're going to give up your right to a trial, these are the rights we just went over, and any defenses you might have to the charges.  And Judge Garcia is going to sentence you after he considers the presentence report that's prepared for him by probation.

Do you understand that and agree to give up the rights that I just discussed?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  The penalties that apply, the maximum penalties that the statutes allow in your case, are a term of imprisonment of up to 20 years, a supervised release term of zero to life, a fine of up to $250,000, a mandatory special assessment of $100.  Is there any sort of restitution or forfeiture here, Mr. Roomberg?

MR. ROOMBERG:  No, ma'am.

THE COURT:  Okay.  So those are the maximum

penalties that the statutes allow.  Do you understand that?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  Okay.  Are you a United States citizen?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  Okay.  In your case, Chief Judge Garcia is going to impose a sentence after he considers guidelines that were established by the United States Sentencing Commission.  He'll calculate the applicable guideline range after he considers such things as the nature and circumstances of the offense, your conduct in the case, and any past criminal history.  But these are only advisory guidelines.  So after the judge calculates that applicable guideline range, he's not required to sentence you within it. He is in fact allowed to sentence you to any reasonable term so long as it's within the statutory maximums that we went over.  Do you understand that?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  As part of your plea agreement, you are giving up your right to appeal your sentence as well as your right to contest your sentence and most types of post-conviction proceedings except in a fairly narrow set of circumstances.  Do you understand that and agree to give up your right to appeal and contest your sentence?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  There's no parole in federal court, so

whatever amount of time that the judge sentences you to, that's the amount of time you'll serve less credit for good time.  Do you understand that as well?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  I mentioned that a term of supervised release could be imposed in your case.  Supervised release is what you serve after you complete your initial term of confinement.  While you're on supervised release, you'll be required to comply with a set of conditions that are imposed on you by the court.  If you violate any of the court's conditions, then your supervised release can be revoked and you could be sentenced to more time in prison.

Do you understand that?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  Mr. Matthews, are you pleading guilty today freely and voluntarily and with full knowledge of the consequences?

DEFENDANT MATTHEWS:  Am I able to speak to my lawyer one more time just --

THE COURT:  Yes, absolutely.

DEFENDANT MATTHEWS:  I don't mean to be a burden to you.

THE COURT:  No, it's an important thing, the decision to plead guilty, so if you have questions, this is when you're supposed to get them resolved.  So hold on.  It

will work just like last time.

DEFENDANT MATTHEWS:  Yes, ma'am.

(Pause.)

THE COURT:  Every time we do this.

MR. WOLF:  --

THE COURT:  Every time we do this, we rearrange the Brady Bunch boxes on the screen, and I have to find you all again.  So, Mr. Wolf, did you have a chance the talk to your client?

MR. WOLF:  I did, and I think I've satisfied his questions.  I've answered his questions, and we're ready to proceed.

THE COURT:  Okay.  Thank you.  Mr. Matthews, having had some time to talk to your attorney, are you ready to proceed?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  Okay.  So the last question I was asking you was whether you are pleading guilty freely and voluntary and with full knowledge of the consequences.

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  Has anyone threatened you, coerced you, or forced you in any way to plead guilty?

DEFENDANT MATTHEWS:  No, ma'am.

THE COURT:  Has anybody made you any promises other than the promises contained in your plea agreement to get you

to plead guilty today such as a promise that you get a particular sentence?

DEFENDANT MATTHEWS:  No, ma'am.

THE COURT:  Mr. Roomberg, this plea agreement is a little bit different than most of the ones that I have seen. Is the recommendation that you're agreeing to make or is it a recommendation, the stipulation, regarding the particular, you know, that this is a crime that the defendant is pleading guilty to.  Is that something that you're promising in the plea agreement to present to the court?  But you're not -- I don't see any other recommendations that you are promising to make in this plea agreement.  Are there any other that I'm missing?

MR. ROOMBERG:  No, ma'am.

THE COURT:  Okay.

MR. ROOMBERG:  Everything is set forth in the plea agreement.

THE COURT:  Okay.

MR. ROOMBERG:  And we will move to dismiss the other charge at the time of sentencing.

THE COURT:  Okay.  So the only thing to be aware of then, Mr. Matthews, is just what I said before.  But in case I didn't make it clear before, you know, that the judge is going to be calculating that applicable guidelines range in your case.  If he doesn't sentence you within that range,

you're not allowed to withdraw your guilty plea.

Do you understand that?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  Okay.  And, Mr. Roomberg, can you go over the legal elements of this offense.

MR. ROOMBERG:  Yes, ma'am.  In this case, from on or about May 2019 to on or about September 18th of 2020, in the Western District of Texas, the district of South Carolina, and elsewhere, the defendant conspired with Jaylyn Molina, and others to knowingly, willfully, by and conspire to provide and intend to provide material support and resources to a foreign, a designated foreign terrorist organization, in this case ISIS.  That the defendant did so knowingly, knowing that he was helping to support ISIS and that ISIS had had been designated previously as a foreign terrorist organization by the Department of State.

THE COURT:  Okay.  Thank you, Mr. Roomberg.

Do you understand that those are the legal elements of the charge against you, Mr. Matthews?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  Okay.  The written plea agreement that you signed contains a factual basis to support the guilty plea that you're entering today.  But before you could be found guilty at trial, the government would be required to prove the facts in that factual basis and to establish the

legal elements Mr. Roomberg just recited beyond a reasonable doubt.  Do you understand that?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  Now that I've explained or Mr. Roomberg has explained the legal elements and you've read that factual basis in your plea agreement, do you have any questions about the charge against you or the factual basis for it?

DEFENDANT MATTHEWS:  No, ma'am.

THE COURT:  Do you agree that the facts as they are summarized in your plea agreement are accurate?

DEFENDANT MATTHEWS:  Yes, ma'am.

THE COURT:  Having now discussed the charges against you, your constitutional and statutory rights, and the penalties you face, I'm going to ask you one last time, how do you plead to Count One in your indictment, guilty or not guilty?

DEFENDANT MATTHEWS:  Guilty.

THE COURT:  Is there anything we've talked about today that you didn't understand or that you want to discuss with your attorney?

DEFENDANT MATTHEWS:  No, ma'am.

THE COURT:  Any concerns from you, Mr. Wolf?

MR. WOLF:  No, Your Honor.

THE COURT:  Mr. Roomberg or Mr. Harris, anything from the government?

MR. ROOMBERG:  No concerns, Your Honor.  We would ask that now since the plea is entered that the plea agreement be unsealed.

THE COURT:  The plea agreement be unsealed, did you say?

MR. ROOMBERG:  Yes.

THE COURT:  Okay.  Is there any objection to that, Mr. Wolf?

MR. WOLF:  Can I confer with Mr. Roomberg?

THE COURT:  You may.

MR. HARRIS:  And, just for clarification, we're talking about the plea agreement itself and not any other plea document.

MR. ROOMBERG:  That is correct.

THE COURT:  Okay.

MR. ROOMBERG:  And it would be something I would have to turn over along with other things to other defense counsel so that they understand.

MR. HARRIS:  Particularly, our obligations, in other words.

MR. WOLF:  I understand where you're going, and thank you for reminding me of that.  And I have no other concerns about Mr. Roomberg's motion.

THE COURT:  Okay.  Then that motion will be granted, and I am ready to make my findings, unless,

Mr. Roomberg, you have anything else?

MR. ROOMBERG:  No, ma'am, thank you.

THE COURT:  Okay.  Mr. Matthews, I do find that you are competent to stand trial, that you do understand the nature of the charge and the penalties.  That you also understand your constitutional and statutory rights, and you desire to waive them.  That your plea is freely, knowingly, and voluntarily made, and there's a factual basis to support it.  I will recommend to Judge Garcia that your guilty plea be accepted and a judgment of guilt be entered against you.

Your case is now referred to probation so they can prepare a presentence report.  I do also have a sentencing date.  You are currently scheduled for Thursday, March the 4th at 10:30 a.m.  We are optimistic at this time that that could be a proceeding that takes place live at the courthouse.  But it just all depends on which direction the Covid numbers go in the next few months.  And, in any event, you do already have your consent to proceed by video on file for the sentencing as well.  So if Judge Garcia has to set it as a video sentencing, you and your attorney can decide whether you want to do that or wait for it to be able to be held live.  Okay.  Mr. Wolf will be in touch about that either way.

All right.  That's everything I have to address.  Thank you to counsel and probation, and we are in recess.

Thank you.

MR. ROOMBERG:  Thank you, Your Honor.

(Adjournment.)

UNITED STATES DISTRICT COURT   )

WESTERN DISTRICT OF TEXAS      )

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

I further certify that the transcript fees and format comply with those prescribed by the Court and the Judicial Conference of the United States.

Date signed:    September 8, 2022.

*/s/ Leticia Lucia Ornelas*
United States Court Reporter
262 West Nueva Street, Room 1-400
San Antonio, Texas 78207
(210) 244-5039